UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| JAMARR R. STONE, | : | Case No. 2:23-cv-424 |
| Plaintiff, | : | |
| vs. | : | District Judge Sarah D. Morrison |
| | : | Magistrate Judge Caroline H. Gentry |
| ANNETTE CHAMBERS-SMITH, | : | |
| Defendant. | : | |

## DEFICIENCY ORDER

Plaintiff, an inmate at the Madison Correctional Institution, has filed a motion for temporary restraining order and preliminary injunction (Doc. 2), which the Court understands to be a complaint (*see* Doc. 1). However, the "complaint" is not on the form used by the Court and no filing fee or motion for leave to proceed *in forma pauperis* has been submitted to the Court.

Pursuant to Federal Rule of Civil Procedure 3, a party seeking to file a civil action must file a complaint. Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Further, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)–(h), a prisoner seeking to bring a civil action without prepayment of fees or security therefor must submit an application and affidavit to proceed without prepayment of fees *and* a certified copy of the prisoner's trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint obtained from the cashier of the prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

Accordingly, should plaintiff wish to continue with this action, plaintiff is **ORDERED** to file an amended complaint, using the Court's complaint form, **which must not exceed 20 pages**

**in length**, setting forth in clear, short and concise terms the names of each defendant, the specific claims for relief attributable to each defendant, and the factual allegations supporting each such claim within **thirty (30) days** of the date of this Order. *See* Fed. R. Civ. P. 8(a) (providing that the complaint contain a "short and plain statement of the claim"). As required by S.D. Ohio Local Rule 5.1, the amended complaint should be legible and double-spaced. Further, pursuant to Fed. R. Civ. P. 20(a)(2), the factual allegations and claims must arise out of the same transaction or occurrence. If plaintiff wishes to seek relief based on unrelated claims he must do so in separate actions.

Plaintiff is **FURTHER ORDERED** to pay $402 ($350 filing fee plus $52 administrative fee) or must submit to the Court a completed *in forma pauperis* application and certified copy of his prison trust fund account statement (or institutional equivalent) for the preceding six-month period within **thirty (30) days** of the date of this Order.

If plaintiff fails to comply with this Order, the Court will assume that he has decided not to pursue this action and will remove this case from the Court's active docket without assessing a filing fee.

Any motion for extension of time must be filed within **thirty (30) days** of the date of the Deficiency Order. All motions for extension of time must be accompanied by a notarized statement or declaration complying with 28 U.S.C. § 1746 setting forth the date plaintiff placed the motion in the prison mail system and stating that first class postage was prepaid. If plaintiff does not receive the Deficiency Order within thirty (30) days, his motion for extension of time must also be accompanied by a notarized statement or declaration complying with 28 U.S.C. § 1746 setting forth the date he received the Deficiency Order.

**The Clerk of Court** is **DIRECTED** to provide plaintiff with an Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form **and** a complaint form.

**The Clerk of Court** is further **DIRECTED** to send a copy of this Deficiency Order to the cashier of the prison at which plaintiff is confined.

**IT IS SO ORDERED.**

February 2, 2023

/s/ *Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge