UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| JAMARR R. STONE, | : | Case No. 2:23-cv-424 |
| Plaintiff, | : | District Judge Sarah D. Morrison |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| ANNETTE CHAMBERS-SMITH, | : | |
| Defendant. | : | |

## ORDER AND REPORT AND RECOMMENDATIONS

Plaintiff, a prisoner at the Madison Correctional Institution (MaCI), brings this *pro se* action against Ohio Department of Rehabilitation and Correction (ODRC) Director Annette Chambers-Smith in her official and individual capacities. Plaintiff alleges that malfunctions in the ODRC Intranet System have prevented and will continue to prevent him from receiving meaningful review in parole and executive clemency decisions. Plaintiff has paid the filing fee.

This matter is before the Court on Plaintiff's Motion for Leave to Supplement the Record with Additional Evidence. (Doc. 4.) The Court **GRANTS** this Motion to the extent that Plaintiff requests that the submitted exhibits be considered with the Amended Complaint.[1] *See Jackson v. United States*, No. 19-cv-3560, 2019 WL 4034731, at *1 n.2 (E.D. Pa. Aug. 27, 2019). The

---

[1]The allegations in this action stem from a "Memorandum of Law in Support Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction" that Plaintiff initially filed in S.D. Ohio Case No. 2:21-cv-884. The District Judge in that matter found that the motion warranted a new action and ordered that it be refiled as a new case. (*See* Case No. 2:21-cv-884 (Doc. 76)). The undersigned Magistrate Judge then ordered Plaintiff to file the motion in the form of an amended complaint if he wished to proceed with the new case. (Case No. 2:23-cv-424 (Doc. 2)). Plaintiff then filed the Amended Complaint (Doc. 6), which is the operative pleading in this matter.

**CLERK OF COURT** is **DIRECTED** to re-file the submitted exhibits (Doc. 4, at PageID 55-62) as an attachment to the Amended Complaint (Doc. 6).

This matter is also before the Court for a *sua sponte* review of Plaintiff's Amended Complaint, as supplemented, pursuant to 28 U.S.C. § 1915A(b).

I.  **LEGAL STANDARD**

The screening procedures established by Section 1915A apply to complaints filed by prisoners against governmental entities, officials or employees regardless of whether the plaintiff has paid the filing fee, as in this case, or is proceeding *in forma pauperis*. 28 U.S.C. § 1915A(a); *see Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001); *Bell v. Rowe*, No. 97-4417, 1999 WL 196531, at *1 (6th Cir. Mar. 22, 1999) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997)).

A complaint may be dismissed as frivolous when the plaintiff does not make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" when reviewing a complaint. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). A

complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 (holding that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. To avoid dismissal, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II.      FACTUAL ALLEGATIONS

The following allegations are taken from Plaintiff's Amended Complaint. The Court accepts the alleged facts as true for purposes of conducting this initial screen except to the extent that they can be fairly characterized as fantastical or delusional. *Hill*, 630 F.3d at 471.

Current ODRC policy directs employees to "provide input concerning" an inmate's "parole board release consideration hearing by creating and routing . . . a Staff Hearing Input [Form] (DRC 3031) through the electronic forms application." (Doc. 6, PageID 72, n.1 (citing ODRC Policy 105-PBD-03).)

On April 25, 2022, Plaintiff forwarded to Defendant Chambers-Smith a complaint he had filed with the Ohio Inspector General's Office. In that complaint, Plaintiff alleged that members of the Ohio Parole Board ("OPB") were using "unethical [and] illegal practices . . . to unjustly deny black, brown, and LGBTQ inmates release on parole supervision." Specifically, Plaintiff alleged that the ODRC Intranet System used to complete and route DRC 3031 Staff Hearing Input Forms ("Forms") to Governor DeWine and the OPB is and has been inoperable. (Doc. 6, PageID 72.)

On December 26 and 27, 2022, several MaCI staff members and corrections officers attempted to use the ODRC Intranet System to complete and route Forms that contained positive input about Plaintiff. These individuals desired to have their input be considered by Governor DeWine when reviewing Plaintiff's then-pending Application for Executive Clemency and by the OPB in future parole hearings. Due to a malfunction in the ODRC Intranet System, however, they were unable to complete and route the Forms electronically. Instead, three staff members "were forced to complete printed versions" of the Forms. (Doc. 6, PageID 71.)

On December 28, 2022, two other staff members told Plaintiff in an "extremely aggressive" fashion that printed versions of the Form are not permitted in ODRC facilities. These staff members made it "distinctly clear" to Plaintiff that "severe consequences" would result if he continued to provide MaCI staff with printed Forms. (Doc. 6, PageID 71-72).

Plaintiff filed this lawsuit on January 25, 2023. He alleges that most, if not all, ODRC employees "are misinformed as to the true process for creating and routing . . . Forms to Ohio Governor Mike DeWine and the OPB [Ohio Parole Board]." He contends that because the ODRC Intranet System is inoperable in this respect, it has caused him and thousands of other inmates to be denied their right to have staff provide input regarding parole and executive clemency decisions. Plaintiff contends that the ODRC Intranet System prevents OPB members from reviewing "the totality" of an inmate's parole or executive-clemency file prior to a hearing, in violation of ODRC policy and state law. He also contends that the ODRC Intranet System has resulted in a "discriminatory process" that has caused and will cause him and others to suffer irreparable injury. (Doc. 6, PageID 73).

Plaintiff further contends that, despite being notified in writing of "the failed system," Chambers-Smith failed to ensure that the ODRC Intranet System was fully operable or permit Plaintiff to have a reconsideration hearing after his request for parole was denied in 2020. He also contends that the ODRC Intranet System prevented the OPB from viewing "all documents" related to his request for parole prior to his hearing. Specifically, he claims that OPB's denial of his request for a reconsideration hearing did not list a "Memorandum In Support of Counsel" that his attorney had emailed prior to his parole hearing. (Doc. 6, at PageID 74).

Plaintiff seeks declaratory and injunctive relief. (*Id*. at PageID 77-80).

5

**III. ANALYSIS**

The Court construes Plaintiff's Amended Complaint as asserting three distinct claims on his own behalf.[2]

In Count One, Plaintiff asserts that Chambers-Smith's alleged failure to correct the malfunctioning portion of the ODRC Intranet System that should allow staff to submit Forms has denied him meaningful consideration for parole. (Doc. 6, PageID 75).

In Count Two, Plaintiff asserts that Chambers-Smith's alleged failure to correct the malfunctioning portion of the ODRC Intranet System that should allow OPB members to view an inmate's complete parole file prior to a parole hearing has denied him meaningful consideration for parole. (Doc. 6, PageID 75).

In Count Three, Plaintiff asserts that Chambers-Smith's alleged failure to correct the malfunctioning portion of the ODRC Intranet System that should allow OPB members to view an inmate's complete clemency file has deprived him of the right to have the OPB review "all documents" when considering his clemency application. (Doc. 6, PageID 76).

At this point in the proceedings, without the benefit of an Answer or briefing by the parties, and in an abundance of caution, the undersigned Magistrate Judge concludes that a portion of Count Three may proceed for further development.[3] Specifically, given the factual

---

[2] Because Plaintiff does not appear to be a licensed attorney, he cannot represent other unnamed inmates. *See* 28 U.S.C. § 1654 (requiring parties in federal court to "plead and conduct their own cases personally or by counsel"). Further, because Plaintiff is proceeding *pro se* (i.e., without the assistance of counsel), it is unlikely that he will be permitted to pursue a class action on behalf of other incarcerated individuals. *E.g., Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003) ("Generally, *pro se* prisoners cannot adequately represent a class."); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("*[P]ro se* prisoners are not able to represent fairly the class"). For purposes of this initial screen, therefore, the Court construes Plaintiff's Amended Complaint as asserting only individual claims.

[3] The undersigned expresses no opinion on the merits of Count Three of the Amended Complaint at this time.

allegations relating to his Application for Executive Clemency pending in December 2022, Plaintiff has plausibly asserted a claim for violation of the Due Process Clause of the Fourteenth Amendment to the Constitution. *See, e.g., Bailey v. Houk*, No. 2:21-CV-488, 2021 WL 4844076, at *4 (S.D. Ohio Oct. 18, 2021), *report and recommendation adopted*, No. 2:21-CV-488, 2022 WL 1597134 (S.D. Ohio May 20, 2022). However, for the following reasons, the undersigned recommends that the remaining claims in the Amended Complaint (including other portions of Count Three) be dismissed.

To the extent that Plaintiff bases Count Three upon violations of Jail policy, that portion of the claim should be dismissed. "Failure to comply with jail policy is not a per se constitutional violation." *Smith v. Erie Cty. Sheriff's Dep't*, 603 F. App'x 414, 421 (6th Cir. 2015) (citing *Meier v. County of Presque Isle*, 376 F. App'x. 524, 529 (6th Cir. 2010)); *see also Matheson v. Gentry*, No. 2:05-CV-70, 2005 WL 1458058, at *2 (E.D. Tenn. June 20, 2005) ("Nor does it violate the plaintiff's constitutional rights when a jail fails to follow its own policies.").

To the extent that Plaintiff bases Count Three upon violations of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, that portion of the claim should also be dismissed. "To establish a claim for relief under the Equal Protection Clause, a plaintiff must demonstrate that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 298 (6th Cir. 2006), *overruled on other grounds as recognized by Davis v. Prison Health Servs.*, 679 F.3d 433, 442 n.3 (6th Cir. 2012). Plaintiff has not plausibly

alleged that any similarly situated ODRC inmate received more favorable treatment than he did with respect to the OPB's consideration of all documents relating to a clemency application.

The claims in Counts One and Two should be dismissed because they appear to seek relief in connection with the denial of Plaintiff's parole in 2020. Plaintiff sought similar relief in another lawsuit that resulted in an award of summary judgment to Chambers-Smith:

> Plaintiff's allegations against Defendant Chambers-Smith regarding the Staff Input Hearing Forms involve her failure to uphold ODRC policy. (Doc. 12, ¶ 29). But, as described above, a failure to adhere to policy is not—in and of itself—a constitutional violation.  Moreover, to the extent Plaintiff has presented a procedural due process claim, it concerns the actions of non-parties—the OPB and its quality assurance analyst.  Plaintiff has not demonstrated that Defendant Chambers-Smith took any action, or failed to take any action, that directly affected the process afforded him at his parole hearing.  He does not claim that she had any direct knowledge that there was an issue with his Staff Input Hearing Forms, and indeed, the mechanics of an individual inmate's parole hearings are likely beyond the notice of the director of the ODRC.  Because he has failed to submit evidence which can establish that Defendant[] . . . Chambers-Smith took personal action which infringed upon his due process rights at his parole hearing, [she is] entitled to summary judgment on these claims.

*Stone v. Ohio Parole Bd.*, No. 2:21-CV-884, 2023 WL 155903, at *7 (S.D. Ohio Jan. 11, 2023), *report and recommendation adopted*, No. 2:21-CV-884, 2023 WL 2018897 (S.D. Ohio Feb. 15, 2023). Because he previously litigated claims against Chambers-Smith relating to the 2020 denial of his parole, Plaintiff is barred from further litigation on that issue. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990) ("Res judicata, or claim preclusion . . . precludes not only relitigating a claim or cause of action previously adjudicated, it also precludes litigating a claim or defense that should have been raised, but was not, in a claim or cause of action previously adjudicated.") (internal citations omitted). Otherwise stated, Plaintiff's complaints regarding the denial of his parole in 2020 are "no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Moreover, even if Counts One and Two were not barred by the doctrine of *res judicata*, the undersigned would still recommend that they be dismissed for failure to state a claim upon which relief can be granted. Plaintiff has not plausibly alleged that any action or inaction by this named Defendant—Chambers-Smith—prevented the OPB from reviewing the Memorandum in Support of Counsel, which Plaintiff's own attorney emailed to the OPB on December 7, 2020. (Doc. 6-1, PageID 84.) Nor could Plaintiff make such a plausible allegation, particularly given OPB Chairperson Handwerk's statement that "[t]he panel had before it the packet submitted by the Offender (12/7/20[.])" (*Id.* at PageID 113-14.)

In sum, the undersigned **RECOMMENDS** that Plaintiff's claims against Defendant Chambers-Smith be **DISMISSED WITH PREJUDICE**, **EXCEPT** for Count Three of the Amended Complaint to the extent that it is based upon an alleged violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. However, Plaintiff has failed to provide a summons and U.S. Marshal form for service on Defendant Chambers-Smith.

**IT IS THEREFORE ORDERED THAT:**

The Court **GRANTS** Plaintiff's Motion for Leave to Supplement the Record with Additional Evidence (Doc. 4). The **CLERK OF COURT** is **DIRECTED** to re-file the evidence (Doc. 4, PageID 55-62) as an exhibit to the Amended Complaint (Doc. 6).

Plaintiff, **WITHIN THIRTY (30) DAYS** of the date of this Order, shall submit a completed summons and U.S. Marshal form for Defendant Chambers-Smith. The **CLERK OF COURT** is **DIRECTED** to send to Plaintiff a summons form and a U.S. Marshal form for this purpose. Once the Court receives the requested forms, the Court **ORDERS** service of process by the United States Marshal.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's claims against Defendant Chambers-Smith be **DISMISSED WITH PREJUDICE**, **EXCEPT** for Count Three of the Amended Complaint to the extent that it is based upon an alleged violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

August 3, 2023 /s/ Caroline H. Gentry
CAROLINE H. GENTRY
UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

10

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).